UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CR-401-1BR
NO. 5:15-CV-536-BR

ROBERT EARL ROSS

v.                                                                                    ORDER

UNITED STATES OF AMERICA

This matter is before the court on the government's motion to dismiss petitioner's 28

U.S.C. § 2255 motion.  (DE # 67.)

By way of relevant background, in May 2013, petitioner pled guilty to conspiracy to

distribute and possess with intent to distribute heroin and three counts of distribution of heroin.

In December 2013, the court sentenced petitioner to 151 months imprisonment, having deemed

petitioner a career offender under the sentencing guidelines.  Petitioner appealed his sentence.

By issuance of its mandate on 22 August 2014, the Fourth Circuit Court of Appeals affirmed.

On 13 October 2015, petitioner filed *pro se* his § 2255 motion.  (DE # 61.)  In December

2015, the government filed its motion to dismiss.  Petitioner filed *pro se* a response in

opposition.  (DE # 70.)  In June 2016 and pursuant to a standing order of this court, counsel filed

a notice of appearance on petitioner's behalf.  Petitioner, with the assistance of counsel, filed a

second response in opposition to the government's motion to dismiss.  (DE # 74.)  On the

government's unopposed motion, the court stayed this proceeding pending the decision in

Beckles v. United States, 137 S. Ct. 886 (2017).  (DE # 79.)

After the Beckles decision, petitioner's counsel moved to withdraw, which the court

allowed.  The court then lifted the stay, and, on the government's motion, allowed it to file a

supplemental brief and allowed petitioner 30 days to file any response to the supplemental brief.

(DE # 82.)  The court then received—purportedly from petitioner—a letter requesting dismissal

of his pending § 2255 motion.  (DE # 83.)  Because the letter was not signed, the Clerk returned

the letter to petitioner and issued him a notice informing him of the deficiency.  (5/3/17 DE.)

Most recently, the government filed its supplemental brief, which indicates plaintiff was served

with a copy.  (DE # 84.)  Petitioner has not filed anything in response, and the time within which

to do so has expired.

The government contends that petitioner's § 2255 motion should be dismissed for failure

to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure

12(b)(6).

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal
> sufficiency of a complaint, and that the legal sufficiency is determined by
> assessing whether the complaint contains sufficient facts, when accepted as true,
> to "state a claim to relief that is plausible on its face."  This plausibility standard
> requires only that the complaint's factual allegations "be enough to raise a right to
> relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted).  This

same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion.  See

United States v. Reckmeyer, 900 F.2d 257 (4th Cir. 1990) (unpublished) ("We agree that a

district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255

petition." (footnote omitted)).

In his § 2255 motion, petitioner's five claims all center on his designation as a career

offender and specifically whether his prior felony convictions for common law robbery remain

qualifying predicate convictions for purposes of the career offender enhancement in light of the

decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  (See Mem., DE # 62, at 3, 4-9.)

The court agrees with the government that the decision in Beckles forecloses petitioner's claims.

In Johnson, the Court held that the "residual" clause in the violent felony definition of the Armed

Career Criminal Act was unconstitutionally vague. United States v. Lee, 855 F.3d 244, 246 (4th Cir. 2017). However, based on Beckles, "*Johnson*'s vagueness holding does not apply to the residual clause in [the career offender guideline]." Id. at 247 (citing Beckles, 137 S. Ct. at 892). As such, petitioner is not entitled to relief on his claims.

The government's motion is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 14 July 2017.

_____
W. Earl Britt
Senior U.S. District Judge